## Case No. 13,457.

### STIMPSON v. ROGERS et al.

[4 Blatchf. 333.] [1]

Circuit Court, D. Connecticut. July 8, 1859.

PATENTS — ISSUE TO EXECUTOR — TRUST — ACTION FOR INFRINGEMENT — PARTIES.

1. Under the tenth section of the patent act of July 4, 1836 (5 Stat. 121), where an inventor dies before a patent is granted for his invention, leaving a will which devises the property in the invention, a patent granted for the invention, to his executor, describing him as such, and on his application as executor, is valid, although the patent does not state that it is granted in trust for the devisees in the will.

[Cited in Northwestern Fire Extinguisher Co. v. Philadelphia Fire Extinguisher Co., Case No. 10,337.]

2. The act recognizes an invention as property which goes to the heirs at law or devisees of the inventor by a patent to be granted to his administrator or executor, as trustee for the persons entitled.

3. The trust declared by the law is implied from the existence of the facts which create the trust.

4. Where one person has the legal title to a patent, and another person has an equitable right in it, both should be joined as plaintiffs, in a suit in equity on it, for an injunction and an account, founded on an infringement.

This was a demurrer to a bill in equity. The bill was filed by Sophia E. Stimpson, in her own right, and as trustee of Julia M. Colburn, and the said Julia M. Colburn, in her own right, against Rogers, Smith & Co., a Connecticut corporation, and William Rogers, George W. Smith and Elisha Colt. The bill set forth that one James Stimpson, in his lifetime, was the inventor of an improvement in the making of ice pitchers, and died without making application for a patent for the same; that, by his last will and testament, he gave all his property to the plaintiff Sophia E. Stimpson, two-thirds for her own use, and one-third for the use of the plaintiff Julia M. Colburn; that the plaintiffs were daughters of James Stimpson; that, by the will, James H. Stimpson, a son of the testator, was appointed executor; that James H. Stimpson, as such executor, made application to the patent office for a patent for

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the improvement; that the patent was issued [October 5, 1858, No. 21,717], granting to James H. Stimpson, executor, and his assigns, for the term of fourteen years, the exclusive right to the improvements; that, after the issuing of the patent, James H. Stimpson, the patentee, sold and assigned to one McLeay all the right, title and interest which he had to the patent, and Sophia E. Stimpson also sold and assigned to McLeay all the right, title and interest which she had to the patent; and that, subsequently, McLeay sold and assigned to the plaintiff Sophia E. Stimpson, all the right, title and interest which he had in and to the patent. The bill prayed for an injunction and an account.

INGERSOLL, District Judge. Two causes of demurrer are relied on in this case: First. That it appears by the bill, that the patent was not legally issued, and is, therefore, void. Second. That, if it was legally issued, Julia M. Colburn should not have been made a party plaintiff in the bill.

The tenth section of the patent act of July 4, 1836 (5 Stat. 121), provides, among other things, that, where any person shall have made any new invention, discovery or improvement, on account of which a patent might, by virtue of that act, be granted, and such person shall die before any patent shall be granted therefor, the right of applying for and obtaining such patent shall devolve on the executor or administrator of such person, in trust for the heirs at law of the deceased, in case he shall have died intestate, but, if otherwise, then in trust for his devisees, in as full and ample manner, and under the same conditions, limitations and restrictions, as the same was held, or might have been claimed or enjoyed, by such person in his lifetime. This act of congress recognizes a new and useful invention or discovery made by any one as property, which, in case of the death of the inventor without a will, goes to his heirs at law, by a patent in the name of the administrator, as trustee for such heirs at law, and, in case of the death of the inventor leaving a will, goes to the person or persons to whom the same is given by the will, the exclusive right to use the invention being secured to the person or persons to whom such property is given by the will, by a patent in the name of the executor, who is to hold the legal title in trust for the person or persons to whom the property is given by the will.

The bill shows, that James Stimpson made the invention in question; that it was new and useful; that he never obtained a patent for it; that he died, leaving a will; that, by that will, he gave all his property, including his property in the invention, to the plaintiff Sophia E. Stimpson, two-thirds thereof for her own use, and one-third thereof for the use of the plaintiff Julia M. Colburn; that James H. Stimpson was appointed executor of the will; that James H. Stimpson, as such executor, made application for a patent, with a specification showing that the invention was the invention of the testator; and that a patent was granted to "the said James H. Stimpson, executor as aforesaid," that is, executor of James Stimpson, securing the exclusive right to the invention for fourteen years. Upon the above-recited facts, no one could lawfully apply for a patent except James H. Stimpson, the executor of the last will and testament of James Stimpson. As such executor, he did apply for a patent. No patent could be granted for an invention discovered and made by James Stimpson, except to "James H. Stimpson, executor as aforesaid." The patent was so issued. Although so issued, it would be of no avail, unless it was granted to him, as such executor, in trust for those to whom the property in the invention was given by the will; and the question is—was it so granted?

It is claimed, that it was not so granted in trust, for the reason that it is not expressed, in the patent, to be in trust for Sophia E. Stimpson and Julia M. Colburn, to whom the property in the invention was given by the will, and that, therefore, the patent was not legally issued. It is not necessary, in order to create, in a grant, a trust in favor of a third person, that the express words "in trust for such third person," should be used in the grant. A trust may be created, and is created, not only by express terms, but, also, by implication. It may be created by the use of such terms as clearly show that a trust was intended. It may be implied. There is no necessity to express, in direct terms, by the use of a particular set of words, what is clearly shown and necessarily implied, by law, by the use of certain other terms, what the whole scope of the grant clearly shows the intention to be. The patent law declares, that where a patentable invention has been made, and the person making it dies without obtaining a patent, the right of obtaining the patent shall devolve on the executor, in trust for the devisees. The law, when the facts appear, that a patentable invention has been made, that the person making it died without taking out a patent, that he made a will and appointed an executor, that such executor, as executor, made an application for a patent for the invention of the testator, and not for his own invention, and that the patent for the invention of the testator was granted to the executor, as executor, creates the trust, that it is for the use and benefit of those to whom the property in the invention was given by the will. An executor is a trustee for the legatees under the will. 1 Williams, Ex'rs, 157. It follows, therefore, that what he does, as executor, in relation to any property given by the will, he does in trust for those to whom such property is given by such will. The patent was, there-

fore, issued in conformity to law and is a valid patent.

Is Julia M. Colburn a proper party plaintiff in the bill? Sophia E. Stimpson has now the legal title to the patent. Julia M. Colburn has no legal right in the patent. She cannot be a party plaintiff, in an action at law, for an infringement of the rights secured by the patent. She has, however, an equitable right to one-third of the patent. Sophia E. Stimpson holds one-third of the patent for the use and benefit of Julia M. Colburn—in trust for her. Her rights are seriously affected by the infringement of the defendants. Where one person has the legal title to the patent, and another person has an equitable right in the same, and a suit in equity is instituted, complaining of an infringement, and seeking an injunction and an account, the person having the legal right and the one having an equitable right which has been violated, should join as plaintiffs. This is the universal course.

With this view of the case, it must be held that the bill is sufficient.

---

STIMPSON (WOODMAN v.). See Case No. 17,979.

STIMSON (CARRINGTON v.). See Case No. 2,450.

STINER (UNITED STATES v.). See Case No. 16,404.

STINGER (BUTT v.). See Case No. 2,246.